UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW D. BENTLEY, TRUSTEE OF BENTLEY LIVING TRUST,<br><br>        Plaintiff,<br><br>    v.<br><br>NATASHA MARSHALL, et al.,<br><br>        Defendants. | Case No.: 1:24-cv-01005-JLT-HBK<br><br>ORDER *SUA SPONTE* REMANDING CASE TO FRESNO COUNTY SUPERIOR COURT |

Plaintiff initiated this action by filing a complaint for unlawful detainer in Fresno County Superior Court, Case No. 24CECL08972.[1] (Doc. 1 at 5.) Defendants filed a Notice of Removal to initiate the matter before this Court. (Doc. 1.) For the reasons set forth below, the Court finds it lacks subject matter jurisdiction over the action and therefore **REMANDS** the matter to Stanislaus County Superior Court.

**I.      Removal Jurisdiction**

Pursuant to 28 U.S.C. § 1441(a), a defendant has the right to remove a matter to federal court where the district court would have original jurisdiction. *Caterpillar, Inc. v. Williams*, 482 U.S. 286, 392 (1987). Specifically,

---

[1] The copy of the complaint attached by Defendant to the notice of removal is almost entirely illegible due to the quality of the copy provided, but does appear to bear this case number. The Court accepts for purposes of this order only the Defendant's representation that the document is an unlawful detainer complaint against her filed by the above captioned Plaintiff.

1

> Except otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). District courts have "original jurisdiction [over] all civil actions arising under the Constitution, laws, or treaties of the United States." *Id.* at § 1331.

A party seeking removal must file a notice of removal of a civil action within thirty days of receipt of a copy of the initial pleading. *Id.* at § 1446(b). Removal statutes are to be strictly construed, and any doubts are to be resolved in favor of state court jurisdiction and remand. *See Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of proving its propriety. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996); *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 683–85 (9th Cir. 2006); *see also Calif. ex. rel. Lockyer v. Dynegy, Inc.*, 2274 F.3d 831, 838 ("the burden of establishing federal jurisdiction falls to the party invoking the statute"). If there is any doubt as to the right of removal, "federal jurisdiction must be rejected." *Duncan*, 76 F.3d at 1485.

The Court has "a duty to establish subject matter jurisdiction over [a] removed action *sua sponte*, whether the parties raised the issue or not." *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 967 (9th Cir. 2004); *see also Kelton Arms Condo. Homeowners Ass'n v. Homestead Ins. Co.*, 346 F.3d 1190, 1192–93 (9th Cir. 2003) (noting a distinction between procedural and jurisdictional defects and holding a "district court *must* remand if it lacks jurisdiction"). Thus, a court "can, in fact must, dismiss a case when it determines that it lacks subject matter jurisdiction, whether or not a party has a filed a motion." *Page v. City of Southfield*, 45 F.3d 128, 133 (6th Cir. 1995).

**II.     Discussion and Analysis**

The determination of subject matter jurisdiction "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392; *see also California v. United States*, 215 F.3d 1005, 1014 (9th Cir. 2000). "It does not suffice to show that a federal question lurks somewhere inside the parties' controversy, or that a defense or counterclaim would arise under federal law." *Vaden v. Discover Bank*, 556 U.S. 49, 70 (2009). Instead, the complaint must establish "either that [1] federal law creates the cause of action or that [2] the plaintiff's right to relief

necessarily depends on resolution of a substantial question of federal law." *Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold & Easement*, 524 F.3d 1090, 1100 (9th Cir. 2008) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983)).

The only cause of action identified by the Plaintiff in the complaint is unlawful detainer. (*See* Doc. 1 at 5–10.) An unlawful detainer action arises under state law, not federal law. *See Wells Fargo Bank v. Sherzad*, 2022 WL 913251, at *1 (E.D. Cal. Mar. 29, 2022) (a complaint for unlawful detainer "relies solely on California state law and does not state any claims under federal law"); *Fannie Mae v. Suarez*, 2011 WL 13359134, at *2 (E.D. Cal. July 27, 2011) ("Unlawful detainer actions are strictly within the province of state court"). Thus, the Plaintiff did not raise a claim that invokes federal subject matter jurisdiction. Though the Defendant identifies several defenses to the unlawful detainer that may concern federal law (*see* Doc. 1 at 2–3), the possible application of federal defenses is irrelevant to the "well-pleaded complaint" analysis. *See Vaden*, 556 U.S. 70.

### III.     Conclusion and Order

Because there is no federal question appearing in the complaint, the Court cannot exercise jurisdiction and the action must be remanded to the state court. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded"). Accordingly, the Court **ORDERS**:

1. The matter is **REMANDED** to the Superior Court for the County of Fresnof due to lack of subject matter jurisdiction.
2. The Clerk of Court is **DIRECTED** to close this matter.

IT IS SO ORDERED.

Dated:     **August 26, 2024**                                   _____
                                                                 UNITED STATES DISTRICT JUDGE